IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAMANTHA BEARD, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| RENT RECOVER LLC, | ) ) |
| Defendant. | ) ) |

## COMPLAINT

### INTRODUCTION

1. Plaintiff Samantha Beard brings this action to secure redress from unlawful collection practices engaged in by defendant Rent Recover LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

### VENUE AND JURISDICTION

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection communications were received by plaintiff within this District;

   b. Defendant does or transacts business within this District.

### PARTIES

4. Plaintiff Samantha Beard is an individual who resides in the Northern District of Illinois.

5. Defendant Rent Recover LLC is a limited liability company chartered under Illinois law with a place of business located at 729 North Route 83, Suite 320, Bensenville, IL 60106. It also has offices in Pennsylvania and Minnesota.

6. Rent Recover LLC is engaged in the business of using the mails and

1

telephone to collect consumer debts (residential lease debts) originally owed to others.

7. Rent Recover LLC is a debt collector as defined in the FDCPA.

## FACTS

8. On September 27, 2011, defendant sent plaintiff the letter attached as <u>Exhibit A</u>, seeking to collect an alleged balance owed on a residential lease.

9. <u>Exhibit A</u> was the first letter that defendant sent to plaintiff.

10. <u>Exhibit A</u> is a form intended for use as the initial letter that defendant sends to a consumer.

11. <u>Exhibit A</u> states that "If you notify this office in writing within 30 days from the date of this notice, this office will obtain verification of the debt . . . ."

12. Plaintiff did not send any other correspondence to plaintiff within 5 days after sending <u>Exhibit A</u>, or indeed until 2012.

## VIOLATION ALLEGED

13. Plaintiff incorporates paragraphs 1-12.

14. Defendant violated 15 U.S.C. §1692g, by stating that plaintiff had 30 days from the date of the letter to request verification, when in fact the statute gives her 30 days from receipt of the letter to request verification.

15. Section 1692g provides:

**§ 1692g. Validation of debts**

**(a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**

    **(1) the amount of the debt;**

    **(2) the name of the creditor to whom the debt is owed;**

    **(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

**(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**

**(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**

**(b) Disputed debts. If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.**

**(c) Admission of liability. The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.**

**(d) Legal pleadings. A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).**

**(e) Notice provisions. The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [*26 USCS §§ 1* et seq.], title V of Gramm-Leach-Bliley Act [*15 USCS §§ 6801* et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

(1)  Statutory damages;

(2)  Attorney's fees, litigation expenses and costs of suit;

(3) Such other and further relief as the Court deems proper.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Catherine A. Ceko
EDELMAN, COMBS, LATTURNER
    & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\26619\Pleading\Complaint_Pleading.wpd

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

# EXHIBIT A

Rent Recover, LLC
729 N. Route 83, Suite 320
Bensenville, IL 60106
866-389-4042

September 27, 2011

SAMANTHA BEARD,



RE: Aurora-Forest Ridge
Outstanding Balance: $1,587.74
File Reference: 5071A-18106-312B-1

Dear SAMANTHA BEARD,

This is an attempt to collect a debt and any information obtained will be used for that purpose.

The above referenced claim has been referred to this office for collection. This is in regard to the outstanding balance on your account and our records indicate that the above referenced account is currently due for the amount of **$1,587.74.**

Pursuant to Public Law 95-109, unless you notify us within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.

If you notify this office in writing within 30 days from the date of this notice, this office will obtain verification of the debt or obtain a copy of the judgment and mail you a copy of the verification or judgment and provide you with the name and address of the original creditor if different from the current creditor.

If there are any questions with this invoice, please feel free to contact us. If not, please remit the balance to the following address:

Rent Recover, LLC
729 N. Route 83, Suite 320
Bensenville, IL 60106
866-389-4042

Regards,
Bill Hunter